## PLATT *vs.* HALEN.

An action may be maintained in the name of one of two partners of a law firm, where the particular business respecting which the suit is brought is uniformly done in the name of the partner suing.

A *set-off* will, however, be allowed in such suit of a demand against the firm.

In an action by an attorney against his client, the defendant is not allowed to raise objections to the *items* of the plaintiff's bill, if the bill has been duly taxed on notice.

THIS was an action of *assumpsit*, tried at the Seneca circuit, in November, 1838.

The plaintiff and *L. F. Stevens*, were members of a law firm, and were retained by the defendant to prosecute a *suit in chance- [ 457 ] ry. A bill was accordingly filed in the name of *Platt alone*, as solicitor, the *chancery business* of the firm being uniformly done in his name. The plaintiff produced a taxed bill of costs, a copy of which, *previous to the taxation*, was served, together with notice of taxation, on the defendant. The defendant moved for a nonsuit, on the grounds, 1. That the proof was insufficient to sustain the action ; and 2. If it was sufficient, the action should have been brought in the joint names of *Platt* and *Stevens*. The motion was denied, and the jury, under the charge of the circuit judge, found a verdict for the plaintiff. The defendant moved for a new trial.

*S. Stevens*, for the defendant.

*A. Taber*, for the plaintiff.

*By the Court*, NELSON, Ch. J. I am of opinion that *Stevens* may be regarded in the light of a dormant partner in respect to the chancery suits conducted by the firm of which he was a member ; and that the suit is well enough in the name of the plaintiff alone. The point, I think, has been heretofore decided, but it seems not to have been reported. The chancery business of the office was uniformly done in the name of *Platt*, as solicitor, the other partner not being known therein on the papers. *Collyer on Part.* 2, 3, 153. *Cary on Part.* 97. 3 *Cowen*, 85. Sutherland, J. was inclined to this opinion in *Warner* v. *Griswold*, 8 *Wendell*, 666, when it was made a question whether in such cases both partners *could* sue.

The objection urged on the argument that the suit in the name of one would exclude a set-off against the partnership, is not sound ; the suit is for the benefit of the firm, and in a name by which it is represented, and a set-off would be allowed. 7 *Cowen*, 416.

It was not competent for the plaintiff to litigate the *items* of the bill on the trial. It had been regularly taxed on notice, and the remedy for the allowance of improper items was by appeal from taxation. *Doug.* 198. 12 *Johns. R.* *315. Though the bill need not now be serv- [ *458 ] ed before suit brought, the effect of a regular taxation is the same as before.

New trial denied.